## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| In Re:<br><br>Brian W. Mead,<br><br>　　　　　　Debtor. | Chapter 7<br><br>Case No. 21-17470 (MEH) |
| Bunce D. Atkinson, Trustee for Debtor Estate of Brian Mead.<br>　　　　　　　Plaintiff,<br>　　　vs.<br><br>Inspira Medical Center, Inc.<br><br>　　　　　　Defendant. | Adv. Pro. No. 24-01547 (MEH) |
| Inspira Medical Center, Inc.<br><br>　　　　　　Appellant,<br>　　　vs.<br><br>Bunce D. Atkinson, Trustee for Debtor Estate of Brian Mead.<br>　　　　　　　Appellee. | Civil Action No. 3:25-cv-16383-ZNQ |

## APPELLANT'S OPENING BRIEF

i

## <u>CORPORATE DISCLOSURE</u>

Pursuant to Fed. R. Bankr. P. 8012 and Fed. R. App. P. 26.1 and Fed. R. App. P. 28(a)(1), the Appellant, Inspira Medical Center, Inc., states that it is not a subsidiary of any other corporation. No publicly held company owns 10% or more of it.

# **TABLE OF CONTENTS**

Corporate Disclosure ............................................................................... ii

Table Of Contents.................................................................................... iii

Table Of Authorities ............................................................................... iv

Preliminary Statement.............................................................................. 1

Statement Regarding Jurisdiction............................................................ 2

Statement Of The Issues .......................................................................... 2

Standard Of Review.................................................................................. 3

Statement Of The Case ............................................................................ 3

Summary Of The Argument....................................................................14

Argument.................................................................................................14

   I.    The Bankruptcy Court erred in granting summary judgment for the
      Appellee. ....................................................................................14

      A.    The Bankruptcy Court erred as a matter of law in holding that the New
       Jersey law required two levies: first, a levy on personal property, and then, a
       levy on real property. ...................................................................15

      B.    Even assuming that Inspira had to make sufficient and reasonable efforts
       to locate personal property in Ocean County before levying, the Bankruptcy
       Court erred as a matter of law in holding that Inspira did not comply with
       N.J.S.A. 2A:17-1, given that undisputed evidence showed that the Debtor had
       no personal property in New Jersey...............................................19

      C.    The Bankruptcy Court erred as a matter of law in ignoring Inspira's
       argument that interpreting N.J.S.A. 2A:17-1 as the Trustee proposed would
       create a manifestly absurd result, contrary to public policy. ..........................20

Conclusion...............................................................................................22

Certificate Of Compliance ......................................................................23

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Federal Cases**

*Evcco Leasing Corp. v. Ace Trucking Co.,* 828 F.2d 188 (3d Cir.1987) .........12, 19

*In re Bocchino,* 794 F.3d 376 (3d Cir. 2015).......................................................... 3

*In re Brown,* 951 F.2d 564 (3d Cir. 1991) ............................................................ 3

*Rector, Etc., of Holy Trinity Church v. U.S.*, 143 U.S. 457 (1892) .......................21

*U.S. v. American Trucking Assns.*, 310 U.S. 534 (1940) ......................................21

*Vandenbark v. Owens-Illinois Glass Co.,* 311 U.S. 538 (1941)............................19

**State Cases**

*Birch Glen Condominium Association, Inc. v. Boahene,* No. A-4357-13T2 2015
   N.J. Super. Unpub. LEXIS 779 (N.J. Super. Ct. App. Div. Apr. 8, 2015) ..........19

*Matter of Commitment of W.W.*, 245 N.J. 438(2021)............................................23

*New Brunswick Savings Bank v. Markouski,* 123 N.J. 402 (1991)........................16

*Paradiso v. Mazejy,* 3 N.J. 110 (1949) .................................................................20

*Pojanowski v. Loscalzo*, 127 N.J. 240, 242 (1992) ...............................................18

*Raniere v. I & M Invst. Inc.*, 159 N.J. Super. 329 (Ch. Div. 1978), *aff'd*, 172 N.J.
   Super. 206 (App. Div. 1980)......................................................................passim

*Rogan Equities, Inc. v. Santini*, 289 N.J. Super. 95 (App.Div.1996) ....................20

*Sanjuan v. School Dist. of West New York, Hudson County*, 256 N.J. 369 (2024) .23

*Schaefer-Jones v. Jones*, No. A-0029-21 2022 N.J. Super. Unpub. LEXIS 864
   2022 WL 1592418 (N.J. Super. Ct. App. Div. May 20, 2022) ..........................19

*State v. Giordano*, 281 N.J. Super. 150 (App.Div.1995) ......................................20

*State v. Sorensen*, 439 N.J. Super. 471 (App.Div. 2015) ......................................20

**Federal Statutes**

11 U.S.C. § 544 ..............................................................................................10, 14

**State Statutes**

*N.J.S.A.* 2A:17-17 .................................................................................................15

**Federal Rules**

Fed. R. App. P. 26.1................................................................................................ ii

iv

Fed. R. App. P. 28(a)(1)..............................................................................ii

**State Rules**

Rule 4:59-1(d)..................................................................... 12, 15, 17, 19

Appellant, Inspira Medical Center, Inc., submits this Opening Brief.

## PRELIMINARY STATEMENT

The Bankruptcy Court analysis of the relevant bankruptcy law is not in dispute here. Where the Bankruptcy Court erred was in its consideration of New Jersey state law.

The New Jersey state law question is this: Was Inspira's levy on the Debtor's real property in Beach Haven effective? If it was — and that is what Inspira contends — Inspira's lien on the Beach Haven properly has priority over the Trustee and the Trustee's Complaint should be dismissed. Because this is a question of state law, the Bankruptcy Court does not hold any special expertise in this matter. The ultimate arbiter of state law is the state's highest court. On this issue, the New Jersey Supreme Court has announced its position on the law in Subpart (1) of New Jersey Court Rule 4:59-1(d). Under that subpart, there is no requirement for a separate levy on real estate; the question of what steps a judgment creditor like Inspira has taken to collect out of personal property is only relevant to whether it can proceed to the sale of the real estate, not to whether the levy is effective.

As discussed below, the Bankruptcy Court erred when it held that Inspira's levy on the Beach Haven property was not effective because it had, in the Bankruptcy Court's view, done enough to locate the Debtor's personal property.

1

The Bankruptcy Court's error originated from its failure to consider Subpart (1) to Rule 4:26-1(d). Had the Bankruptcy Court properly considered Subpart (1) to Rule 4:26-1(d), the undisputed facts would have led to just one conclusion: Inspira's levy on the Beach Haven property was effective and, consequently, Inspira had priority over the Trustee. From that, the Bankruptcy Court should have denied the Trustee's motion for summary judgment, granted Inspira's cross-motion for summary judgment, and dismissed the Trustee's Complaint.

## STATEMENT REGARDING JURISDICTION
## STATEMENT OF THE ISSUES

1.      Whether the Bankruptcy Court erred in granting summary judgment to the trustee.

2.      Whether the Bankruptcy Court erred as a matter of law in holding that Inspira did not comply with N.J.S.A. 2A:17-1 in that it did not exert reasonable, good faith efforts to determine whether the Debtor owned personal property in Ocean County, when the Debtor's bankruptcy schedules, the Debtor's testimony at the 341, and the Trustee's various actions all showed that the Debtor resided in Connecticut and had no personal property in New Jersey.

3.      Whether the Bankruptcy Court erred as a matter of law in holding that the New Jersey law required two levies: first, a levy on personal property, and then, a levy on real property.

2

4.    Whether the Bankruptcy Court erred as a matter of law in ignoring Inspira's argument that interpreting N.J.S.A. 2A:17-1 as the Trustee proposed would create a manifestly absurd result, contrary to public policy.

## STANDARD OF REVIEW

A district court reviews a "Bankruptcy Court's legal determinations *de novo* and reviews its factual determinations for clear error." *In re Bocchino,* 794 F.3d 376, 380 (3d Cir. 2015). When addressing mixed questions of law and fact, district courts divide the questions into their respective components, applying the clearly erroneous test to factual findings and a plenary review to questions of law. *See In re Brown,* 951 F.2d 564, 567 (3d Cir. 1991).

The determinations that are the subject of this appeal are legal. Thus, they are subject to plenary review.

## STATEMENT OF THE CASE

On July 30, 2020, Inspira filed a Complaint in the Superior Court of New Jersey, Law Division, Gloucester County under Docket No. GLO-L-840-20 against Touchstone Technology Consulting, Inc. ("Touchstone") and Debtor Brian W. Mead ("Debtor") for breach of contract and consumer fraud in connection with a contract for personal protective equipment at the outset of the COVID pandemic.[1]

---

[1] APPX365

On April 16, 2021, Inspira obtained a civil default judgment against the Debtor, Brian W. Mead (the "Debtor"), in the Law Division of Gloucester County docket number GLO-L-840-20, for $703,125.00, plus interest and costs of suit.[2]

On June 17, 2021, Inspira filed for a writ of execution against the Debtor that directed the Sheriff of Burlington County to, in pertinent part:

> Satisfy the said judgment out of the personal property of the said judgment debtor within your County; and if sufficient personal property cannot be found then, subsequent to your levy and only after receipt of an order of the court pursuant to R. 4:59-19(d), out of the real property in your County belonging to the judgment debtor(s) at the time when the judgment was entered or docketed.[3]

On July 2, 2021, Inspira applied for an alias writ of execution directed to the Sheriff of Ocean County with identical language regarding the relief sought.[4]

On June 18, 2021, an Information Subpoena was sent to Touchstone and the Debtor.[5]

On July 7, 2021, the Clerk of the Superior Court issued the Burlington County Writ.[6] The Ocean County Writ was issued 13 days later.[7]

---

[2] APPX37
[3] APPX38
[4] *Id.*
[5] APPX366
[6] APPX38
[7] Id.

4

On August 11, 2021, Debtor and Touchstone moved to vacate the default judgment. In support of that motion, Debtor filed a Certification in which he asserted that he had been separated from his wife, Catherine Mead, for approximately three years and that he did not live at the Beach Haven, Long Beach Township property.[8]

On August 16, 2021, the Sheriff of Burlington County served a Writ of Execution upon Chase Bank, PNC Bank, Wells Fargo Bank, TD Bank, and Truist Bank.[9]  On August 16, 2021, the Sheriff of Burlington County filed an Amended Bank Levy Report stating that Chase Bank was holding the sum of $5,498.19 (the "Bank Levy").[10] Subsequently, the Burlington County Sheriff filed amended bank levy reports indicating that PNC Bank, Wells Fargo Bank, TD Bank, and Truist Bank reported no accounts.[11]

On August 17, 2021, the Sheriff of Ocean County levied upon the Debtor's real property located at the common address of 6 East 17th Street in Beach Haven, New Jersey (the "Beach Haven Property").[12]

---

[8] APPX368
[9] APPX367
[10] APPX38
[11] APPX367-8
[12] APPX38

On August 31, 2021, copies of the Information Subpoenas previously sent to Touchstone and Debtor were provided to their counsel, Mark Faro, Esquire.[13]

On September 22, 2021, Inspira filed a motion for turnover of funds from the bank Levy.[14]

On September 23, 2021, while the motion to turnover funds remained pending, the Debtor filed a Chapter 11 bankruptcy petition.[15]

After being notified of Debtor's bankruptcy filing, the Motion for Turnover of Funds was adjourned on 10/4/21 and 10/21/21 while waiting for Debtor's counsel to provide information identifying the owner of the four accounts levied.[16]

On October 29, 2021, after receiving information indicating that three of the four accounts belonged to the Debtor, the Plaintiff withdrew its motion as to those three accounts. On November 5, 2021, the state court entered an Order for the turnover of the account in the name of Touchstone Technology Consulting Ops Inc.[17]

On November 22, 2021, the Trustee conducted a 341 meeting.[18]

---

[13] APPX366
[14] APPX38
[15] APPX38
[16] APPX368
[17] APPX39
[18] APPX369

Inspira did not move for permission to levy Debtor's real property, including the Beach Haven Property.[19]

On January 14, 2022, Inspira filed an adversary proceeding against the Debtor, under Adversary Proceeding No. 22-01018-KCF, to except the debt owed to Inspira from discharge under 11 U.S.C. § 523(a)(2)(A) and § 523(a)(6) (the "Discharge Objection Action").[20]

On January 26, 2022, the Trustee filed a notice of proposed public sale of the Beach Haven Property.[21]

On February 16, 2022, Inspira filed a proof of claim for $713,545.02 in the Chapter 7 matter.[22]

On February 28, 2022, Cathleen Mead filed an Objection to the Auction of the Beach Haven property, which included her Certification, stating that the personal property located on the Beach Haven property belongs to her and her children.[23]

The same day, Inspira filed a limited objection to the proposed sale of the Beach Haven Property, raising no objection to the sale but maintaining that its

---

[19] APPX39
[20] Id.
[21] Id.
[22] Id.
[23] APPX340

April 19, 2021, judgment lien reflected in the proof of claim against the Beach Haven Property should attach to the sale proceeds.[24]

On March 4, 2022, the Trustee filed a Response to the Objection of Cathleen Mead.[25]

On April 7, 2022, the Trustee moved to sell the Beach Haven Property free and clear of any liens or encumbrances.[26]

On April 21, 2022, Inspira filed another limited objection to the sale of the Beach Haven Property, again not opposing the sale, but asserting that its judgment lien "should attach to the sale proceeds generated from the Trustee Auction" for the Beach Haven Property.[27]

On May 11, 2022, the Bankruptcy Court entered an order approving the sale of the Beach Haven Property free and clear of all liens, claims, and encumbrances over Inspira's objection.[28] Additionally, the Bankruptcy Court entered an Amended Order Approving the Sale of the Beach Haven Property.[29]

Then, on August 25, 2022, Inspira and the Debtor entered a consent order stipulating a settlement of the Discharge Objection Action that, among other

---

[24] APPX39
[25] APPX370
[26] APPX39
[27] APPX40
[28] APPX40
[29] APPX370

things, established that the Debtor's prejudgment debt to Inspira was non-dischargeable, that the Debtor would move to dismiss its appeal of the order denying his motion to vacate, and that the Debtor could reduce the judgment debt by paying Inspira a total of $340,000.00 by no later than December 31, 2023, either with sale proceeds from the sale of the Beach Haven Property or through payments from the Debtor. Otherwise, the full amount of the Judgment would remain non-dischargeable.[30]

On August 30, 2022, Inspira's adversary proceeding against the Debtor was closed.[31]

As of August 2024, the Debtor had made no payments to Inspira under the Settlement.[32]

On August 27, 2024, the Trustee filed his Adversary Complaint against Inspira under Adv. Docket No. 24-01547 seeking to establish that Inspira's prepetition unperfected judgment lien was not a secured claim (the "Avoidance Action").[33] Inspira answered the Complaint.[34]

---

[30] Id.

[31] Id.

[32] Id.

[33] Id.

[34] APPX10

9

The parties cross-moved for summary judgment,[35] and filed opposition to each other's motions.[36] The Bankruptcy Court heard argument on June 16, 2025[37], and announced its decision on September 24, 2025.[38]

The Bankruptcy Court addressed whether Inspira Medical Center properly perfected its judgment lien against the debtor's real property under New Jersey law. The Chapter 7 Trustee sought to avoid Inspira's $713,545 claim, arguing the lien was unperfected and therefore subject to avoidance under the Trustee's "strong-arm" powers pursuant to 11 U.S.C. § 544(a).

The Bankruptcy Court reviewed New Jersey law as to the creation, perfection, and priority of judgment liens. It observed that a docketed judgment creates only an unperfected lien on a debtor's real property.[39] It noted that, to perfect the lien that has priority vis-à-vis a trustee, a judgment creditor must properly levy on the property before the bankruptcy filing.[40]

The Bankruptcy Court then turned to what a judgment creditor must do to perfect the judgment lien. It held that N.J.S.A. 2A:17-1 requires judgment creditors

---

[35] APPX17 (Trustee's Motion for Summary Judgment); APPX74 (Inspira's Cross-Motion for Summary Judgment / Opposition to Trustee's Motion)

[36] APPX377 (Trustee's Reply Inspira's Opposition and Opposition to Inspira's Cross-Motion); APPX391 (Inspira's Reply to Trustee's Opposition)

[37] APPX45 (Transcript of June 16 hearing)

[38] APPX404

[39] APPX413

[40] Id.

to first attempt to levy on personal property within the county before levying on real estate.[41] The statute's language is "compulsory, not directory," and courts require strict compliance.[42]

The Bankruptcy Court also held that N.J.S.A. 2A:17-1 imposes a good faith requirement: judgment creditors must make reasonable efforts to ascertain the location of the debtor's personal property and supply that information to the sheriff before levying on real property.[43] Courts evaluate whether creditors engaged in supplementary discovery proceedings, such as depositions or information subpoenas, or employed other legitimate investigative techniques. The focus is not on whether personal property actually exists or its value, but on whether the creditor exerted reasonable, good faith efforts to locate it.

The Bankruptcy Court found Inspira's efforts insufficient.[44] It held that sending a single information subpoena that went unanswered, without any follow-up enforcement or further investigation, did not constitute the requisite good-faith attempt to locate personal property.[45] It noted that Inspira offered no evidence of

---

[41] APPX414
[42] Id.
[43] APPX415-6
[44] APPX416-7
[45] Id.

attempting to enforce the subpoena or undertaking any additional discovery before directing the Ocean County Sheriff to levy on the Beach Haven property.[46]

The Bankruptcy Court rejected Inspira's argument that information learned after the bankruptcy filing demonstrated the futility of further investigation. It held without any citation to authority that compliance with N.J.S.A. 2A:17-1 must be assessed as of the date of the levy on real property, not based on facts discovered later.[47]

The Bankruptcy Court did not consider Inspira's argument that N.J.S.A. 2A:17-1 led to an absurd result.

The Bankruptcy Court also rejected Inspira's contention that N.J.S.A. 2A:17-1 only applies to sales of real property rather than levies.[48] It considered itself bound by the 1987 opinion in *Evcco Leasing Corp. v. Ace Trucking Co.,* 828 F.2d 188, 193 (3d Cir.1987).[49]

The Bankruptcy Court did not consider Subpart (1) of New Jersey Court Rule 4:59-1(d).

The Bankruptcy Court held that, because it found that Inspira failed to perfect its lien under state law, the Trustee, standing in the shoes of a hypothetical

---

[46] APPX417
[47] Id.
[48] APPX418
[49] Id.

judicial lien creditor under § 544(a), had superior rights.[50] The Bankruptcy Court granted the Trustee's motion for summary judgment and denied Inspira's cross-motion, thereby authorizing the Trustee to avoid Inspira's claim and reducing Inspira to the status of an unsecured creditor.[51]

On October 8, 2025, Inspira filed its notice of appeal.[52] It subsequently filed its designation of items to appear in the record on appeal and its statement of issues to be presented,[53] and ordered the transcript of the June 16 hearing. The Clerk of the Bankruptcy Court duly transmitted all of these filings to the Clerk of this Court.[54] The transcript was filed with the Clerk of the Court on November 24, 2025.[55]

---

[50] APPX418-9
[51] APPX419
[52] APPX420
[53] APPX439
[54] APPX438; APPX443
[55] APPX444; APPX445

## SUMMARY OF THE ARGUMENT

The Bankruptcy Court erred in several respects, starting with its failure to recognize that Subpart (1) to New Jersey Court Rule 4:26-1(d) was controlling, not *Raniere v. I & M Invst. Inc*., 159 N.J. Super. 329 (Ch. Div. 1978), *aff'd*, 172 N.J. Super. 206 (App. Div. 1980) and the cases following from it.

## ARGUMENT

I.    **THE BANKRUPTCY COURT ERRED IN GRANTING SUMMARY JUDGMENT FOR THE APPELLEE**.

The Trustee does not contest that Inspira had a valid judgment lien against the Beach Haven property. Nor does the Trustee dispute that the Sheriff of Ocean County levied on that property. The issue is whether that levy was sufficient or whether Inspira had to make a second levy after it had exhausted its efforts to locate and levy on personal property.

Under 11 U.S.C. § 544, "as of the date of filing of the debtor's Chapter 7 petition, the trustee holds the status . . . of a hypothetical judicial lien creditor who has levied upon the debtor's property." *In re Italiano*, 66 B.R. 468, 478 (Bankr. D.N.J.1986). "As such, the trustee's lien could only be defeated by a judgment creditor holding a valid lien who had properly levied." *Id*.

In New Jersey, the judgment creditor  "who levies first" has priority "over all nonlevying judgment creditors." See, e.g., *New Brunswick Savings Bank v. Markouski,* 123 N.J. 402, 413 (1991).

14

The Trustee argued that a second levy was necessary. The Bankruptcy Court agreed.

**A. The Bankruptcy Court erred as a matter of law in holding that the New Jersey law required two levies: first, a levy on personal property, and then, a levy on real property.**

There may have been such a second-levy requirement at one time, but not since 2010 when the New Jersey Supreme Court amended Rule 4:59-1(d).

A review of the relevant law is helpful. New Jersey law is settled that real estate can be levied upon and sold by execution to satisfy judgments. *N.J.S.A.* 2A:17-17 provides:

> All real estate shall be liable to be levied upon and sold by executions to be issued on judgments obtained in any court of record in this State, except the Superior Court, Law Division, Special Civil Part, for the payment and satisfaction of the debt, damages, sum of money and costs so recovered or to be recovered; but no real estate of any testator or intestate shall be sold or in anywise affected by any judgment or execution against executors or administrators. No judgment obtained for the payment and satisfaction of any employment wage tax, including penalties, shall be enforced pursuant to this section.

As the text of N.J.S.A. 2A:17-17 makes clear, "levy" and "execution" are separate and distinct concepts. "Levy" comes first, followed by "execution."

"Execution" is addressed by N.J.S.A. 2A:17-1. That statute addresses the sequence of execution against goods, chattel and real estate:

> In every writ of execution which shall be issued against real estate, the sheriff or other officer to whom such writ may be directed shall be commanded that he cause to be made, of the

> goods and chattels in his county of the party against whom
> such execution issues, the debt, damages and costs or sums of
> money mentioned in such execution; and that, if sufficient
> goods and chattels of such party cannot be found in his
> county, he cause the whole or the residue, as the case may
> require, of such debt, damages and costs or sum of money *to
> be made of the real estate* whereof such party was seized on
> the day when such real estate became liable to such debt,
> damages and costs or sum of money, specifying the day
> particularly, or at any time afterwards, in the hands of any
> person then having the same.

(emphasis supplied)

As the Court will note, there is no reference to "levy" in N.J.S.A. 2A:17-1.

This makes sense, given that it is dictating what language must be included in a

writ of execution. Despite the lack of any reference to "levy" in N.J.S.A. 2A:17-1

and apparently not considering the distinction between "levy" and "execution" in

N.J.S.A. 2A:17-7, a New Jersey trial court in1978 stated that "[N.J.S.A. 2A:17-1]

mandates that the sheriff exhaust all personalty of the debtor that can be located

within the county before levying and executing against the debtor's realty."

*Raniere, supra. at 387.* For the next 32 years, various New Jersey courts cited

*Raniere* for the principle that the sheriff, and by extension the judgment creditor,

must exhaust all personalty of the debtor that can be located within the county

before levying and executing against the debtor's realty. A companion principle

arose that judgment creditor must make "a good faith attempt to ascertain the

location of the debtor's personalty within the county and supply this information to

16

the sheriff along with the writ of execution." *Pojanowski v. Loscalzo*, 127 N.J. 240, 242 (1992).

During those 32 years, the New Jersey Court Rules were silent on this issue. That changed in 2010. In that year, the New Jersey Supreme Court amended New Jersey Court Rule 4:59-1(d) to add a new subpart governing the process for executing a judgment. That new subpart stated:

> **Execution First Made Out of Personal Property; Motion**. The execution shall be made out of the judgment debtor's personal property before the judgment-creditor may proceed to sale of the debtor's real property. *If the debtor's personal property is insufficient or cannot be located, the judgment creditor shall file a motion, on notice, for an order permitting the sale of the real property. The motion, which shall not be joined with any other application for relief, shall be supported by a certification specifying in detail the actions taken by the judgment creditor to locate and proceed against personal property.* The notice of motion shall state that if the motion is not successfully defended, the judgment debtor's real property will be subject to sale. The notice shall have annexed the listing of Legal Services Offices and Lawyer Referral Offices as required by R. 4:4-2. No sale of real property shall proceed unless an order granting the motion has been entered. (emphasis supplied)

(emphasis supplied)

As the Court will note, Subpart (1) to Rule 4:59-1(d) nowhere mentions, let alone mandates, *Raniere*'s second-levy concept on real estate. Instead, it only requires a "motion, on notice, for an order permitting the sale of real property." Consistent with that, the two cases involving execution against real estate that have

17

come up since 2010 have both involved appeals from trial court denials of motions to sell real estate under Rule 4:59-1(d)(1): *Birch Glen Condominium Association, Inc. v. Boahene,* No. A-4357-13T2 2015 N.J. Super. Unpub. LEXIS 779 (N.J. Super. Ct. App. Div. Apr. 8, 2015) (denial affirmed) (APPX00510); and *Schaefer-Jones v. Jones*, No. A-0029-21 2022 N.J. Super. Unpub. LEXIS 864 2022 WL 1592418 (N.J. Super. Ct. App. Div. May 20, 2022) (reversed and remanded) (APPX00514). Neither suggested that the judgment creditor had to levy on real estate separately.

With its 2010 adoption of Subpart (1) to Rule 4:59-1(d), the New Jersey Supreme Court effectively overruled *Raniere*. This is not the only time that the New Jersey Supreme Court has effectively overruled prior law. Inspira's research has found at least two other times when prior law was overruled by an amendment to a court rule. In *State v. Sorensen*, 439 N.J. Super. 471, 482, n. 2 (App.Div. 2015) the New Jersey Appellate Division observed that the New Jersey Supreme Court's adoption of Rule 7:6-2(c) "effectively overrules" *State v. Giordano*, 281 N.J. Super. 150, 656 A.2d 1276 (App.Div.1995). Similarly, in *Rogan Equities, Inc. v. Santini*, 289 N.J. Super. 95, 109 (App.Div.1996) the New Jersey Appellate Division observed that *Paradiso v. Mazejy,* 3 N.J. 110, 117, 69 A.2d 15 (1949) was "effectively overruled by the amendment of [Rule 4:26-1]."

18

The Bankruptcy Court considered itself bound by *Evcco Leasing Corp.* But that decision is no longer binding. It was issued many years before the New Jersey Supreme Court's adoption Subpart (1) to Rule 4:59-1(d) and the resulting effective overruling of *Raniere*. Circuit court interpretations of state law lose their binding effect when the state supreme court subsequently announces a different rule. *See Vandenbark v. Owens-Illinois Glass Co.,* 311 U.S. 538, 543 (1941) (holding federal appellate court must reverse district court judgment when state supreme court changes interpretation of state law).

The Bankruptcy Court did not consider Subpart (1) of Rule 4:59-1(d) nor appreciate its significance. It was not alone. But by failing to do so, the Bankruptcy Court reached the incorrect result and erred as a matter of law.

**B. Even assuming that Inspira had to make sufficient and reasonable efforts to locate personal property in Ocean County before levying, the Bankruptcy Court erred as a matter of law in holding that Inspira did not comply with N.J.S.A. 2A:17-1, given that undisputed evidence showed that the Debtor had no personal property in New Jersey.**

The Debtor testified at the 341 meeting that he did not live at the Beach Haven Property and his automobiles, jewelry, and other personal property were located at his Connecticut residence. The Debtor's wife, Cathleen Mead, filed a sworn certification that any personal property at the Beach Haven property mostly belonged to her and her children and not to the Debtor. The Trustee acknowledged in his deposition that he did not object to

19

Cathleen Mead's statement and allowed her to remove any personal property from the Beach Haven Property before the Trustee's auction and sale of the Beach Haven Property.

The Bankruptcy Court held that "[w]hat Inspira learned after the Debtor's bankruptcy filing, on September 23, 2021, is immaterial to whether it undertook the requisite sufficient and reasonable efforts to identify the Debtor's personal property before levying on the Beach Haven Property." But the Bankruptcy Court cited no authority for this holding, nor did the Trustee provide any. Inspira has found no authority for this proposition.

### C. The Bankruptcy Court erred as a matter of law in ignoring Inspira's argument that interpreting N.J.S.A. 2A:17-1 as the Trustee proposed would create a manifestly absurd result, contrary to public policy.

The Bankruptcy Court overlooked Inspira's argument that interpreting N.J.S.A. 2A:17-1 as the Trustee proposed under the circumstances would be inconsistent with the general purpose of the law.

New Jersey courts have consistently held that literal statutory interpretations that lead to absurd results should be rejected. For example, the New Jersey Supreme Court in *Sanjuan v. School Dist. of West New York, Hudson County*, 256 N.J. 369, 379 (2024) held:

> "[W]hen a literal interpretation of individual statutory terms or provisions would lead to results inconsistent with the overall purpose of the statute, that interpretation should be rejected."
> In re Civ. Commitment of W.W., 245 N.J. 438, 449, 246 A.3d

20

219 (2021) (internal quotation marks omitted) (quoting Hubbard v. Reed, 168 N.J. , 387, 392,93).

Likewise, In *Matter of Commitment of W.W.*, 245 N.J. 438(2021), the New

Jersey Supreme Court stated:

> Additionally, a statute must "be read in [its] entirety; each part or section should be construed in connection with every other part or section to provide a harmonious whole." D.J.B., 216 N.J. at 440, 83 A.3d 2 (quoting Burnett v. County of Bergen, 198 N.J. 408, 421, 968 A.2d 1151 (2009)). And "when a ' literal interpretation of individual statutory terms or provisions' would lead  to  results  ' inconsistent with the overall purpose of the statute,' that  interpretation should be rejected" Hubbard v. Reed, 168 N.J. 387, 392-93, 774 A.2d 495 (2001) (quoting Cornblatt v. Barow, 153 N.J. 218, 242, 708 A.2d 401 (1998))

New Jersey's approach is consistent with federal law. The Supreme Court held

in *Rector, Etc., of Holy Trinity Church v. U.S*., 143 U.S. 457, 460 (1892), "If a

literal construction of the words of a statute be absurd, the act must be so construed

as to avoid the absurdity." The holding of *Holy Trinity* was affirmed in *U.S. v.*

*American Trucking Assns.*, 310 U.S. 534, 542 (1940), where the Court expanded

upon a court's obligation in construing statutory language where literal adherence

would be absurd or futile.

> In the interpretation of statutes, the function of the courts is . . . . to construe the language so as to give effect to the intent of Congress . . . . Often [the] words [of the statute] are sufficient in and of themselves to determine the purpose of the legislation. In such cases, we have followed their plain meaning. When that meaning has led to absurd or futile results, however, this Court has looked beyond the words to

21

> the purpose of the act . . . . Even when the plain meaning did not produce absurd results but merely an unreasonable one 'plainly at variance with the policy of the legislation as a whole' this Court has followed that purpose, rather than the literal words. (Emphasis added.)

Here, the Trustee's literal interpretation of N.J.S.A. 2A:17-1 and R. 4:59-1(d)(1) would create a manifestly absurd result, contrary to public policy. Courts should not accord controlling significance to a mechanical rule of statutory interpretation.

## **<u>CONCLUSION</u>**

For the reasons above, this Court should reverse and enter summary judgment for Inspira, dismissing the Complaint.

Dated: December 24, 2025                     /s/ William G. Wright
                                        _____
                                        **CAPEHART & SCATCHARD**
                                        William G. Wright
                                        Alan Fox
                                        8000 Midlantic Drive, Suite 300 S
                                        Mt. Laurel, NJ 08054
                                        Tel: (856) 234-6800
                                        Email: wwright@capehart.com
                                                 afox@capehart.com

                                        *Counsel for Inspira Medical Center, Inc.*

22

## <u>CERTIFICATE OF COMPLIANCE</u>

Pursuant to Fed. R. Bankr. P. 8015(a)(7)(C), the undersigned hereby certifies that:

1.  This brief complies with the type-volume limitations of Fed. R. Bankr. P. 8015(a)(7)(B) because the brief contains 4,512 words, excluding the parts of the brief exempted by Fed. R. Bankr. P. 8015.

2.  This brief complies with the typeface requirements of Fed. R. Bankr. P. 8015(a)(5) and type style requirements of Fed. R. Bankr. P. 8015(a)(6) because this brief has been prepared in a proportionally spaced typeface using Microsoft Word, in 14-point Times New Roman.

Dated: December 24, 2025                    /s/ William G. Wright
                                            _____
                                            William G. Wright
                                            **CAPEHART & SCATCHARD**

23