**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **INSPIRA MEDICAL CENTER, INC.**,<br><br>Appellant,<br><br>v.<br><br>**BUNCE D. ATKINSON, TRUSTEE FOR DEBTOR ESTATE OF BRIAN MEAD**,<br><br>Appellee. | Civil Action No. 25-16383 (ZNQ)<br><br>**OPINION** |

**QURAISHI, District Judge**

**THIS MATTER** comes before the Court upon an Appeal of the Bankruptcy Court's September 24, 2025 Order Granting a Motion for Summary Judgment filed by Appellee Bunce D. Atkinson, Trustee for Debtor Estate of Brian Mead (the "Trustee"), and Denying a Cross-Motion for Summary Judgment filed by Appellant Inspira Medical Center, Inc.'s ("Inspira"). ("Appeal", ECF No. 1.) Inspira filed its appellate brief on December 24, 2025. ("Appellant Br.", ECF No. 3.) The Trustee filed his brief in opposition on February 20, 2026 ("Appellee Br.", ECF No. 6), and Inspira filed a reply brief on March 6, 2026 ("Appellant Reply Br.", ECF No. 7).

The Court has carefully considered the parties' submissions and decides the Motion without oral argument pursuant to Federal Rule of Civil Procedure 78 and Local Civil Rule 78.1. For the reasons set forth below, the Court will **AFFIRM** the Bankruptcy Court's Order and **DENY** Inspira's Appeal.

# I. BACKGROUND AND PROCEDURAL HISTORY

## A. FACTUAL BACKGROUND

The relevant facts are not in dispute. On April 16, 2021, the Superior Court of New Jersey, Law Division, entered a default judgment in favor of Inspira against Brian Mead (the "Debtor") in the amount of $703,125.00, plus interest and costs of suit. ("Appendix", at 407, ECF No. 3-1.) The Clerk of the Superior Court thereafter docketed the judgment as a statewide lien (the "Judgment Lien") on the Debtor's property. (*Id.*)

On June 17, 2021, Inspira sought to enforce the Judgment Lien and collect payment by filing a Writ of Execution against the Debtor, which directed the Burlington County Sheriff to: (1) satisfy the judgment out of the Debtor's personal property within the county; and (2) if sufficient personal property could not be found to satisfy the judgment, then subsequent to the levy of personal property and "only after receipt of an order pursuant to [New Jersey Court Rule[1]] 4:59-1(d)," satisfy the judgment out of the Debtor's real property in the county. (*Id.* at 45–47, 408.) The next day, Inspira sent the Debtor an information subpoena by first class and certified mail to the Debtor's real property located in Beach Haven, New Jersey (the "Beach Haven Property"). (*Id.* at 406, 408.) Inspira never received a response to the information subpoena. (*Id.* at 408.)

On July 2, 2021, Inspira thereafter filed for an Alias Writ of Execution against the Debtor directed to the Ocean County Sherriff (the "Ocean County Writ"), which contained identical language as the Writ of Execution filed in Burlington County (the "Burlington County Writ"). (*Id.*) The Clerk of the Superior Court issued the Burlington County Writ and Ocean County Writ on July 7, 2021 and July 20, 2021, respectively. (*Id.* at 409.)

[1] All references to "Rule" or "Rules" hereafter refer to the New Jersey Court Rules.

On August 5, 2021, the Burlington County Sheriff served the Burlington County Writ upon Chase Bank, PNC Bank, Wells Fargo Bank, TD Bank, and Truist Bank to levy upon the Debtor's assets. (*Id.*) The Debtor's Chase Bank account held a sum of $5,498.19, and the other banks reported no accounts affiliated with the Debtor. (*Id.*)

On August 11, 2021, the Debtor moved in the Superior Court to vacate the default judgment entered against him, and the Debtor attested that he did not reside at the Beach Haven Property. (*Id.*) Approximately one week later, the Ocean County Sherriff served the Ocean County Writ and levied upon the Beach Haven Property. (*Id.*) Two weeks after that point, Inspira served copies of the information subpoena previously sent to the Debtor on June 18, 2021 upon the Debtor's counsel in the Superior Court action. (*Id.*) Inspira, again, did not receive a response. (*Id.*)

On September 22, 2021, Inspira moved in the Superior Court for a turnover of funds from the Chase Bank account. (*Id.* at 410.) The next day, the Debtor filed a petition for Chapter 11 Bankruptcy.[2] (*Id.*) Inspira thereafter withdrew its motion for a turnover of funds. (*Id.*) There was, additionally, no record in the Superior Court of Inspira filing a motion to enforce the levy upon the Beach Haven Property. (*Id.*)

On January 26, 2022, the Trustee filed a notice of proposed sale of the Beach Haven Property, to which Inspira filed a proof of claim, asserting a secured claim against the Beach Haven Property in the amount of $713,545.02 based on the Judgment Lien and the Ocean County Sheriff's levy. (*Id.*) The Trustee then filed a motion to sell the Beach Haven Property in April 2022, to which Inspira filed limited objections concerning the sale. (*Id.*) Inspira did not object to the sale itself but asserted that the Judgment Lien should attach to the sale proceeds. (*Id.*) The Bankruptcy Court entered an Order on May 11, 2022, approving the sale of the Beach Haven Property free and

[2] The Debtor's bankruptcy matter was converted to a Chapter 7 action in November 2021. (Appendix at 410, ECF No. 3-1.)

clear of all liens, claims, and encumbrances, with only valid liens, claims, and encumbrances attaching to the sale proceeds. (*Id.*)

As the proceedings in the Debtor's bankruptcy progressed, Inspira initiated and pursued a non-dischargeability action against the Debtor in August 2022. (*Id.* at 411.) Inspira and the Debtor subsequently entered into a settlement, stipulating that: (1) the Debtor's prejudgment debt to Inspira was non-dischargeable; and (2) the Debtor could pay Inspira a total of $340,000 by the end of 2023 to reduce the judgment debt by either selling the Beach Haven Property or paying Inspira directly. (*Id.*) The non-dischargeability action was thereafter closed, but by August 2024, the Debtor had made no payments to Inspira. (*Id.*) On August 27, 2024, the Trustee then commenced an adversary proceeding against Inspira, and after unsuccessful mediation attempts, the parties each moved for summary judgment. (*Id.*)

**B. THE BANKRUPTCY COURT'S DECISION**

On September 24, 2025, the Bankruptcy Court granted the Trustee's Motion for Summary Judgment and denied Inspira's Cross-Motion for Summary Judgment. (*Id.* at 419.) The Bankruptcy Court began its analysis with 11 U.S.C. § 544(a), which provides that a bankruptcy trustee stands in the shoes of a hypothetical judgment lien creditor who has levied upon the debtor's property, and as such, the bankruptcy trustee may contest and avoid liens that are unperfected as of the date of the commencement of the bankruptcy proceedings. (*Id.* at 412–13.) To determine whether the Judgment Lien was perfected on the Debtor's real and personal property, the Bankruptcy Court construed the requirements for executing and perfecting a judgment lien pursuant to N.J. Stat. Ann. § 2A:17-1. (*Id.* at 413–16.) After ample review of the caselaw, the Bankruptcy Court determined that to satisfy N.J. Stat. Ann. § 2A:17-1, "'the judgment creditor must [have made] a good faith attempt to ascertain the location of the [D]ebtor's personalty within

the county and supply this information to the sheriff along with the writ of execution[,]' prior to levying against real property." (*Id.* at 414 (citing *Borromeo v. DiFlorio*, 976 A.2d 388, 395 (N.J. Super. Ct. App. Div. 2009).) The Court further elucidated that "the test is whether the judgment creditor 'exerted "reasonable efforts" in good faith to locate the personal property.'" (*Id.* (citing *Borromeo*, 976 A.2d at 395).)

The Bankruptcy Court found that Inspira failed to make reasonable, good faith efforts to locate the Debtor's personal property in Ocean County before levying upon the Beach Haven Property because Inspira did not offer evidence that it attempted to enforce the information subpoena or that it undertook further investigative efforts or discovery into the Debtor's assets. (*Id*. at 416.) The Bankruptcy Court found that it was not reasonable for Inspira to conclude that the Debtor did not own personal property in Ocean County without further inquiry given the Debtor's recalcitrance in responding to the information subpoenas. (*Id.* at 416–17.) For those reasons, the Bankruptcy Court concluded that the Judgment Lien was unperfected, and accordingly, Inspira's status was that of an unsecured creditor and was subordinate to the rights of the Trustee under Section 544(a). (*Id.* at 418–19.)

### C. PROCEDURAL HISTORY

Inspira appealed the Bankruptcy Court's decision on October 8, 2025, and the record on appeal was designated on October 23, 2025. (ECF Nos. 1, 2.) Inspira filed its appellant brief on December 24, 2025. (*See generally* Appellant Br.) The Trustee opposed on February 20, 2026 (*see generally* Appellee Br.), and Inspira replied on March 6, 2026 (*see generally* Appellant Reply Br.).

## II. SUBJECT MATTER JURISDICTION

This Court has appellate jurisdiction over a bankruptcy court's final judgments, orders, and decrees pursuant to 28 U.S.C. § 158(a).

## III. LEGAL STANDARD

A district court reviews a "bankruptcy court's legal determinations de novo, its factual findings for clear error, and its discretionary decisions for abuse of discretion." *In re Somerset Reg'l Water Res., LLC*, 949 F.3d 837, 844 (3d Cir. 2020) (quoting *Schepis v. Burtch (In re Pursuit Cap. Mgmt., LLC)*, 874 F.3d 124, 133 n.14 (3d Cir. 2017)); *see also In re Cohn*, 54 F.3d 1108, 1113 (3d Cir. 1995) ("On appeal the district court . . . may affirm, modify, or reverse a bankruptcy judge's judgment, order, or decree or remand with instructions for further proceedings. Findings of fact, whether based on oral or documentary evidence, shall not be set aside unless clearly erroneous . . . ." (citation omitted)).

## IV. DISCUSSION

Inspira argues that the Bankruptcy Court erred in granting summary judgment for two main reasons. First, Inspira contends that the Bankruptcy Court requiring two levies prior to Inspira executing the judgment on the Debtor's Beach Haven Property was an error. (Appellant's Br. at 15–19.) Second, Inspira submits that the Bankruptcy Court erred when it found that Inspira failed to make sufficient efforts to locate the Debtor's personal property in Ocean County. (*Id.* at 19–22.) The Court addresses each in turn.

### A. THE BANKRUPTCY COURT DID NOT ERR IN REQUIRING THAT A INSPIRA SHOULD HAVE LEVIED ON PERSONAL PROPERTY IN OCEAN COUNTY PRIOR TO LEVYING ON THE BEACH HAVEN PROPERTY

Inspira contends that the Bankruptcy Court erred by requiring two levies — one on personal property and a second on real property pursuant to *Raniere v. I&M Invst. Inc.*, 387 A.2d

1254 (N.J. Super. Ct. Ch. Div. 1978) *aff'd*, 411 A.2d 719 (N.J. Super. Ct. App. Div. 1980) — prior to Inspira executing the judgment on the Debtor's Beach Haven Property because Rule 4:59-1(d)(1) only requires a motion before the Superior Court for an order permitting the sale of real property to satisfy a judgment debt. (Appellant's Br. at 15–19.) The Court begins with a brief overview of the process to enforce a monetary judgment in New Jersey.

The process of enforcing a monetary judgment is well settled in New Jersey. "After obtaining a money judgment, a creditor must deliver a writ of execution to the sheriff with instructions for levying[]" and "[t]he creditor may conduct discovery to find the property to be levied." *Hickory Hill at Totowa Homeowners Ass'n, Inc. v. Ortiz*, Civ. No. A-0894-15T2, 2017 WL 393582, at *2 (N.J. Super. Ct. App. Div. Jan. 30, 2017) (citing *Borromeo*, 976 A.2d at 395). "The sheriff must levy on goods and chattel in the county before proceeding to levy upon the debtor's real property." *Id.* (first citing *Borromeo*, 976 A.2d at 395; then citing N.J. Stat. Ann. § 2A:17-1; and then citing N.J. Ct. R. 4:59-1(d)(1)).

Writs of executions are governed by N.J. Stat. Ann. § 2A:17-1, which provides that:

> In every writ of execution which shall be issued against real estate, the sheriff or other officer to whom such writ may be directed shall be commanded that he cause to be made, of the goods and chattels in his county of the party against whom such execution issues, the debt, damages and costs or sums of money mentioned in such execution; and that, if sufficient goods and chattels of such party cannot be found in his county, he cause the whole or the residue, as the case may require, of such debt, damages and costs or sum of money to be made of the real estate whereof such party was seized on the day when such real estate became liable to such debt, damages and costs or sum of money, specifying the day particularly, or at any time afterwards, in the hands of any person then having the same.

N.J. Stat. Ann. § 2A:17-1. This provision is strictly construed. *Borromeo*, 976 A.2d at 398. It "clearly and unequivocally expresses the legislative mandate that before real property of a debtor

may be seized and sold, the sheriff shall first levy upon the debtor's goods and chattels located within the county to satisfy [a] judgment[.]" *Raniere*, 387 A.2d at 1257. Therefore, "an execution of sale against realty held without a prior, good faith attempt to locate, levy upon and execute against personalty of the judgment debtor is in direct violation of the positive command of the Legislature and is . . . void." *Id.* at 1258 (citing N.J. Stat. Ann. § 2A:17-1).

Turning to the New Jersey Court Rules, Rule 4:59 governs the process for enforcing a judgment. Rule 4:59-1(a) dictates that the "[p]rocess to enforce a judgment or order for the payment of money and process to collect costs allowed by a judgment or order, shall be a writ of execution, . . . in the form prescribed by Appendix XII-D[.]" N.J. Ct. R. 4:59-1(a); *see* N.J. Stat. Ann. § 2A:17-1. The comments to Rule 4:59-1(a) confirm that the writ must precisely comply with N.J. Stat. Ann. § 2A:17-1. *See* Pressler & Verniero, *Current N.J. Court Rules*, cmt. 1 on N.J. Ct. R. 4:59-1 (2026). Rule 4:59-1(d)(1) provides that execution of a judgment must first be made out of the debtor's personal property before the judgment-creditor can proceed on a sale of the debtor's real property. N.J. Ct. R. 4:59-1(d)(1). The Rule further states that "[i]f the debtor's personal property is insufficient or cannot be located, the judgment creditor shall file a motion, on notice, for an order permitting the sale of the real property" and "shall be supported by a certification specifying in detail the actions taken by the judgment creditor to locate and proceed against personal property." *Id.*; *see also* Pressler & Verniero, *Current N.J. Court Rules*, cmt. 1.2.2 on N.J. Ct. R. 4:59-1 (2026) (noting that "a levy on real property may not be made until after notice from the court pursuant to" Rule 4:59-1(d)(1)).

Here, Inspira contends that Rule 4:59-1(d)(1) writes out and overrules *Rainere*'s two-levy procedure prior to seeking a sale. (*See* Appellate Br. at 15–19.[3]) The Court disagrees. It is clear that levying and executing the judgment upon personal property must be done prior to levying and executing the judgment upon real property. *See Ortiz*, 2017 WL 393582, at *2 ("The sheriff must levy on goods and chattel in the county before proceeding to levy upon the debtor's real property."); *Raniere*, 387 A.2d at 1258 (holding that "an execution of sale against realty held without a prior, good faith attempt to locate, levy upon and execute against personalty of the judgment debtor is in direct violation of the positive command of the Legislature and is therefore void."); *see also Wallace v. Elberg*, Civ. No. A-3350-24, 2026 WL 1505896, at*3 (N.J. Super. Ct. App. Div. May 29, 2026) ("Both the [N.J. Stat. Ann. § 2A:17-1] and [Rule 4:59-1(d)(1)] require that execution on a judgment begins with a debtor's personalty before seeking a sale of real property."). Accordingly, the Bankruptcy Court did not err when it found that a levy upon personal property in Ocean County was required before Inspira could levy upon the Beach Haven Property, and Rule 4:59-1(d)(1) did not overrule *Raniere*.

### B. THE BANKRUPTCY COURT DID NOT ERR IN CONCLUDING THAT INSPIRA DID NOT COMPLY WITH N.J. STAT. ANN. § 2A:17-1

Inspira next challenges the Bankruptcy Court's finding that it did not make reasonable efforts to locate the personal property in Ocean County prior to levying on the Beach Haven Property because the record demonstrates that the Debtor had no personal property in Ocean County. (Appellate Br. at 19–20.) Relatedly, Inspira contends that interpreting N.J. Stat. Ann.

[3] Inspira also contends that there is a distinction between "levying" and "executing" a judgment in furtherance of a sale given the text of Rule 4:59-1(d)(1). (Appellate Reply Br. at 8.) Contrary to Inspira's position, for which no caselaw is cited, New Jersey courts do not distinguish between the term "levying" and "executing." *See, e.g.*, *Wills v. McKinney*, 41 N.J.L. 120, 122 (N.J. 1879) (observing, in prior iterations of the statute governing writ of executions, that "the word executed . . . has been construed to mean levied" (internal quotation marks and citation omitted)); *see also Smith v. Young*, 12 N.J.L. 300, 306–07 (N.J. 1831) ("The word *executed*, used in the act, does not uniformly mean . . . *a complete execution*. It is perhaps more frequently used in reference to the *first part* of the execution of the writ, to wit *the levy*." (emphases in original)).

§ 2A:17-1 as strictly as the Bankruptcy Court did produces an absurd result given that additional discovery into the location of personal property in Ocean County, when the record demonstrates that none is located there, would be futile. (*Id.* at 20–22.)

Section 544 of the Bankruptcy Code provides a trustee with "strong-arm powers." *In re Simpkins*, B.R. No. 22-19095, 2024 WL 4820682, at *2 (Bankr. D.N.J. Nov. 18, 2024). Under Section 544, a trustee can step into the shoes of a hypothetical judgment lien creditor and may exercise the rights and powers to avoid any transfer of property or obligation incurred by the debtor. 11 U.S.C. § 544(a). Stated differently, "if a judgment creditor did not properly levy [before the date of the bankruptcy petition], the trustee's hypothetical lien enjoys priority over the judgment creditor's asserted lien." *In re Catalano*, 643 B.R. 555, 561 (Bankr. D.N.J. 2022). To determine property rights in bankruptcy, bankruptcy courts apply state law. *Id.*

When a judgment is entered in New Jersey, it "becomes an unperfected lien against all real property owned or thereafter acquired by the debtor . . . ." *Id.* at 561–62 (first citing N.J. Stat. Ann. § 16-1, -11; and then citing *Brescher v. Gern, Dunetz, Davison & Weinstein, P.C.*, 585 A.2d 961, 965 (N.J. Super. Ct. App. Div. 1991)). To perfect the judgment lien, a creditor must levy upon the debtor's property. *In re Catalano*, 643 B.R. at 562 (citation omitted); *see also Twin Boro Lumber & Supply Co. v. Bogie*, Civ. No. A-0105-22, 2024 WL 118833, at *2 (N.J. Super. Ct. App. Div. Jan. 11, 2024) (noting that "a judgment lien against a debtor's real property must be 'perfected . . . by levying against it prior to the filing of the bankruptcy petition.'" (quoting *New Century Fin. Servs. v. Staples*, 879 A.2d 1190, 1195 (N.J. Super. Ct. App. Div. 2005))). "[A] levy on the debtor's property divests the debtor of control of that property," and creates a legal interest in the property on part of the judgment-creditor. *In re Flores*, B.R. No. 10-34546, 2011 WL 44910, at

*2 (Bankr. D.N.J. Jan. 6, 2011) (citing *Sylvan Equip. Rental Corp. v. C. Washington & Son, Inc.*, 679 A.2d 213, 216 (N.J. Super. Ct. Law Div. 1995)).

As previously discussed, the process to execute a money judgment requires a creditor to "deliver a writ of execution to the sheriff with instructions for levying." *Ortiz*, 2017 WL 393582, at *2 (citation omitted). "The sheriff must levy on goods and chattel in the county before proceeding to levy upon the debtor's real property." *Id.* (citation omitted). Strict compliance with N.J. Stat. Ann. § 2A:17-1 is mandatory as "a material departure from this statutory command renders execution upon real property void." *In re Catalano*, 643 B.R. at 562 (citing *Raniere*, 387 A.2d 1258).

To satisfy N.J. Stat. Ann. § 2A:17-1, a judgment creditor must exert reasonable efforts in good faith to locate the personal property in the country subject to the writ of execution. *Borromeo*, 976 A.2d at 395. "The proper focus is not whether there are assets in the county, or the amount of those assets, but whether a good faith effort was made to locate the assets." *Id.* (citation omitted). In other words, it "is not whether all possible measures to locate personalty have been undertaken, but rather [whether] the judgment creditor exerted 'reasonable efforts' in good faith to locate the property." *Id.* (citations omitted); *accord* N.J. Ct. R. 4:59-1(d)(1) (permitting judgment creditor to file a motion for sale of real property in the event that the debtor's personal property cannot be located and requiring such motion be accompanied by a "certification specifying in detail the actions taken by the judgment creditor to locate and proceed against personal property"); *see also id.* at -1(f) (providing for permissive, supplementary proceedings available to judgment creditors in aid of the execution of a judgment).

Here, the undisputed record demonstrates that: (1) Inspira filed the Ocean County Writ on July 2, 2021; (2) approximately one week after the Debtor appeared to vacate the default judgment

issued against him in the Superior Court, the Ocean County Sherriff served the Ocean County Writ and levied upon the Beach Haven Property; (3) two weeks after that point, Inspira re-attempted service of the information subpoena upon the Debtor's counsel previously sent to the Debtor on June 18, 2021; (4) the information subpoena went unanswered, without any more action taken by Inspira to enforce it; and (5) on September 23, 2021, the Debtor filed his petition for bankruptcy. (Appendix at 409–10.) Therefore, on the date the Debtor filed his bankruptcy, Inspira's judgment lien was not perfected. Inspira levied upon the Beach Haven Property without attempting to levy upon personal property in Ocean County, in contravention of the strict mandate of N.J. Stat. Ann. § 2A:17-1. *See Raniere*, 387 A.2d at 1258. Additionally, the record demonstrates that Inspira never moved before the Superior Court of New Jersey, pursuant to Rule 4:59-1(d)(1), to sell the Beach Haven Property. Even if it had, Inspira would have been required to certify its efforts to locate personal property in Ocean County to comply with the Rule and N.J. Stat. Ann. § 2A:17-1. The mere serving of an information subpoena — without more — does not establish that Inspira exercised all reasonable efforts to locate personal property in Ocean County. *Borromeo*, 976 A.2d at 395. Given that Inspira failed to N.J. Stat. Ann. § 2A:17-1, its unperfected judgment lien on the Beach Haven Property became subordinate to the Trustee's hypothetical lien. *In re Catalano*, 643 B.R. at 561.

Inspira, however, contends that throughout the bankruptcy proceedings, it learned that the Debtor did not reside in the Beach Haven Property, his personal property was located in Connecticut, and that any personal property at the Beach Haven Property belonged to the Debtor's wife and children. (Appellate Br. at 19.) Insofar as Inspira failed to properly perfect the judgment lien as of the date of the bankruptcy petition, the Bankruptcy Court did not err in determining that what Inspira learned after the Debtor filed his bankruptcy petition was immaterial to whether

Inspira satisfied N.J. Stat. Ann. § 2A:17-1. *See In re Catalano*, 643 B.R. at 561; *Bogie*, 2024 WL 118833, at *2.

Despite Inspira's argument to the contrary (Appellate Br. at 20–22), strict interpretation of N.J. Stat. Ann. § 2A:17-1 and Rule 4:59-1(d)(1) does not manifest an absurd result. That a judgment creditor automatically has a lien on the debtor's real property and can collect on the judgment by selling the debtor's real property are remedies permitted only by statutory design and were not previously recognized at common law. *See Borromeo*, 976 A.2d at 394, 396 (discussing that at common law, real property could not be sold for the payment of debts and liens were not acquired by a judgment). Consequently, because "a sheriff's sale of real estate to satisfy a debt markedly departs from common law[,]" and that right "is a mere naked power," strict compliance with N.J. Stat. Ann. § 2A:17-1 is required. *Id.* at 396 (first citing *Vanderveere v. Gaston*, 24 N.J.L. 818, 820 (N.J. 1854); and then citing *Todd v. Philhower*, 24 N.J.L. 796, 800 (N.J. 1854)); *see also Raniere*, 387 A.2d at 1258 ("[I]nasmuch as our statute allowing execution on real property is in contravention of common law, it must be strictly construed). Thus, the failure to comply with N.J. Stat. Ann. § 2A:17-1 affects all subsequent actions taken to execute a judgment on real property. *See Borromeo*, 976 A.2d at 396; *accord Raniere*, 387 A.2d at 1258.

In sum, the Bankruptcy Court did not err when it ruled that Inspira's judgment lien was subordinate to the Trustee's hypothetical lien because Inspira failed to perfect its judgment prior to the Debtor filing the bankruptcy petition because Inspira did not abide by the strict mandate of N.J. Stat. Ann. § 2A:17-1, requiring it to exercise all reasonable efforts to locate personal property in Ocean County prior to levying on the Beach Haven Property.

## V. CONCLUSION

For the reasons stated above, the Court will **AFFIRM** the judgment of the Bankruptcy Court and **DENY** Inspira's Appeal. An appropriate Order will follow.

Date: August 12, 2026

s/ Zahid N. Quraishi
**ZAHID N. QURAISHI**
**UNITED STATES DISTRICT JUDGE**